UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUSSELL W. ADAMS,

    Plaintiff,

                                                                         Case No. No. 2:22-cv-13078

v.                                                                 Honorable Sean F. Cox

MATT MACAULEY, et al.,

    Defendants.

_____/

**ORDER TRANSFERRING CASE TO THE UNITED STATES
DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN**

Plaintiff Russell W. Adams, a Michigan prisoner incarcerated at the Bellamy Creek Correctional Facility in Ionia, Michigan, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. He names as Defendants Bellamy Creek Warden Matt Macauley, Michigan Department of Corrections (MDOC) Director Heidi Washington, Unit Manager Normanton, ARUS Federau, and HUM Lambart. (ECF No. 1.) Plaintiff suffers from Crohn's disease, an intestinal disorder, and complains that Defendants have failed to accommodate his condition in violation of the Americans with Disabilities Act. (*Id.*) Plaintiff has been granted leave to proceed *in forma pauperis.* (ECF No. 4.)

The determination of the proper venue for a civil action in federal court is governed by 28 U.S.C. § 1391. The statute provides that a civil action may be

brought in (1) a judicial district in which any defendant resides; or (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. 1391(b)). When a lawsuit is filed in the wrong venue, the court in which it was filed may dismiss it, "or if it be in the interest of justice, transfer" it to the proper venue. 28 U.S.C. § 1406(a). District courts are authorized to transfer such cases *sua sponte*. *Cosmichrome, Inc. v. Spectra Chrome, LLC*, 504 F. App'x 468, 472 (6th Cir. 2012).

Plaintiff's claims result from the conditions of his confinement at the Bellamy Creek Correctional Facility in Ionia County, Michigan. Defendants are located there or in the city of Lansing, in Ingham County, Michigan. Both counties are located in the Western District of Michigan. 28 U.S.C. § 102(b). There is no apparent basis for venue to lie in this district; instead, the facts of the complaint suggest venue would be proper in the Western District. The Court therefore finds the interests of justice would be served by transferring the case to the district where it should have been filed in the first instance.

Accordingly, **IT IS ORDERED** that this case be transferred to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. §1406(a).

It is noted that this Court has not reviewed Plaintiff's complaint under 28 U.S.C. §§ 1915(e)(2), 1915A, or under 42 U.S.C. §1997e(c).

**SO ORDERED.**

Dated: January 5, 2023                                s/Sean F. Cox
                                                                        Sean F. Cox
                                                                        U. S. District Judge